UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELE D WHITE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-1443 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss (Doc. 5) for failure to state a claim for which relief can be granted. Plaintiff Michele D. White ("White") filed a response (Doc. 11) in opposition.

Having considered the parties' submissions, the facts in the record, and the applicable law, the Court concludes that the motion should be granted.

I. Background

Though the factual details provided by the pleadings and associated documents are scant at best, the basic outline of events appears as follows. In February 2003, Plaintiff White purchased the property located at 3947 Teal Vista Court, Fresno, Fort Bend County, Texas 77545 (the "Property"), executing a promissory note and deed of trust (collectively, the "Mortgage") in favor of the original lender, Crest Mortgage Company. Pl.'s Original Pet. ¶¶ 5-6, Doc. 1-3. At some point the Mortgage was assigned to Defendant Wells Fargo, and, after White started experiencing financial difficulties in June 2011 and stopped making payments, the Mortgage went into default. Pl.'s Original Pet. ¶¶ 8-9. White contacted Wells Fargo several times to request a loan modification but was told each time that she did not qualify, though their

conversations left her with the impression that she would still have the opportunity to do so and, in the meantime, that the Property would not be foreclosed on. Pl.'s Original Pet. ¶¶ 10-12. Wells Fargo, however, proceeded with the foreclosure process and completed the foreclosure sale on April 3, 2012. Pl.'s Original Pet. ¶ 13.

The same day, April 3, 2012, White filed her Original Petition in the District Court of Fort Bend County, Texas, requesting a declaratory judgment. On May 9, 2012, Wells Fargo removed the case to this Court, and on May 16, 2012, filed its Motion to Dismiss, arguing that White has failed to allege facts sufficient to maintain her cause of action.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[t]o survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In determining plausibility, courts should first disregard "formulaic recitation[s] of the elements" of the legal claim as conclusory, then consider only the remaining, well-pleaded facts. *Id*. at 681 (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (alterations and internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)). If these facts fail to "nudge[ the] claims across the line from conceivable to plausible, [then the] complaint must be

dismissed." *Twombly*, 550 U.S. at 570.

### III. Analysis

When a request for a declaratory judgment is originally brought in state court and later removed to federal court, that request is analyzed under the federal Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201-2202. *Toops v. U.S. Fid. & Guar. Co.*, 871 F. Supp. 284, 287 n.2 (S.D. Tex. 1994), *rev'd on other grounds sub nom. Toops v. Gulf Coast Marine Inc.*, 72 F.3d 483 (5th Cir. 1996). "The operation of the Declaratory Judgment Act is procedural only," enlarging remedies but not substantive rights, *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)), so the Court "may declare the rights and other legal relations of [parties]" only "[i]n a case of actual controversy [already] within its jurisdiction." 28 U.S.C. § 2201. Plaintiff bears the burden of establishing that there is an actual controversy under the Act. *Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 434 F. App'x 395, 396 (5th Cir. 2011) (citing *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009)).

In this case, the underlying substantive claim is for wrongful foreclosure. Pl.'s Original Pet. ¶ 14. ("[T]he sale should be declared a wrongful foreclosure."). Under Texas law, the elements of wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008)).

Plaintiff, however, fails to allege any facts to support any of the elements of wrongful foreclosure. Furthermore, she does not "call into question [Defendant's] status as assignee, current holder, or servicer of the Note," *Misczak v. Chase Home Fin., L.L.C.*, 444 F. App'x 35,

36 (5th Cir. 2011), or Defendant's "right to enforce the note and deed of trust by administering a non-judicial foreclosure sale," *Val-Com Acquisitions Trust*, 434 F. App'x at 396. On the contrary, it appears from the entirety of the record that there is no basis for challenging any of these points.

The factual allegations are, in sum, insufficient to raise Plaintiff's claims to a standard of possibility, let alone plausibility, and Plaintiff cannot carry her burden of establishing that an actual controversy exists. As a result, her request for a declaratory judgment must be dismissed. *Misczak*, 444 F. App'x at 37; *Val-Com Acquisitions Trust*, 434 F. App'x at 396.

IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED and Plaintiff's claims are DISMISSED.

SIGNED at Houston, Texas, this 19th day of February, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE